IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JIMMY CHRISTOPHER MCMULLIN
ADC #656736                                                                                         PLAINTIFF

v.                                   2:24-cv-00172-DPM-JJV

JASON PALMER,
Medical Services Manager, Wellpath, ADC, *et al.*                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      SCREENING**

Jimmy Christopher McMullin ("Plaintiff") is a prisoner in the Arkansas Department of Correction ("ADC") who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th

Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

## II.   DISCUSSION

On June 12, 2024, Plaintiff returned to the East Arkansas Regional Unit after having an operation on his left eardrum at a hospital. (Doc. 2.) Plaintiff says for approximately twenty-four hours, he was placed in an observation cell in the prison infirmary where he was required to sleep on a six-inch mattress on the floor. Plaintiff claims he had a sheet, blanket, pillow, sink, and toilet in his cell but no table or other furnishings. Thus, he was required to put his medical supplies (such as gauze, medications, and cotton balls) and eat his meals on the floor. Plaintiff says this arrangement "possibly could have caused severe infection to my ear, and or brain, or even death." (*Id*. at 6.) But he does not claim any actual injuries. After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.

Because the "Constitution does not mandate comfortable prisons," only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, to plead a plausible Eighth Amendment claim, a prisoner must provide facts suggesting: (1) objectively, the conditions he endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the conditions. *Hamner v.*

*Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). The length of time a prisoner is exposed to the conditions is a "crucial factor" when determining whether an objectively serious deprivation has been pled. *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996). The Eighth Circuit has previously held that more severe conditions suffered for a greater length of time do not rise to the level of an objectively serious deprivation. *See, e.g., Goldman v. Forbus*, Case No. 00-2462WA, 2001 WL 838997 at *1 (8th Cir. July 26, 2001) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith,* 87 F.3d at 269 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was exposed to raw sewage for four days); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without underwear, blankets, mattress, exercise, and visits was not a constitutional violation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies was not a constitutional violation); *White v. Nix,* 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell was not a constitutional violation). And this is especially true when, as in this case, the prisoner suffered no actual injuries and is no longer exposed to the challenged conditions. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation"); *Smith,* 87 F.3d at 268 (8th Cir. 1996) (no constitutional violation found when a prisoner failed to demonstrate he was actually harmed by previously endured conditions). For these reasons, I conclude Plaintiff has not pled a plausible § 1983 claim for relief.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a

claim upon which relief may be granted.

    2.    The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 8th day of October 2024.

                                                                   _____
                                                                   JOE J. VOLPE
                                                                   UNITED STATES MAGISTRATE JUDGE